# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
## No. 15-545V
## Filed: November 4, 2016
TO BE PUBLISHED

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| CATHERINE HENRY, | \* |
| | \* |
| Petitioner, | \* |
| v. | \* |
| | \* Attorneys' Fees and Costs; |
| SECRETARY OF HEALTH | \* Special Processing Unit ("SPU"); |
| AND HUMAN SERVICES, | \* Hourly Rates |
| | \* |
| Respondent. | \* |
| | \* |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Michael McLaren, Black McLaren Jones Ryland & Griffee PC, Memphis, TN, for petitioner.*
*Ryan Daniel Pyles, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On May 28, 2015, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.,*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury following receipt of a tetanus-diphtheria-acellular pertussis ("Tdap") vaccine on June 3, 2014. On May 9, 2016, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation. ECF No. 35. Petitioner now moves for attorneys' fees and costs, which are awarded in the amount of $31,594.44, reduced from $33,833.44 for the reasons described below.

---

[1] Because this decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

## I.      Procedural History and Party Positions

On July 1, 2016, petitioner filed a motion for attorneys' fees and costs to be awarded to petitioner's counsel, Black McLaren Jones Ryland & Griffee, P.C., of Memphis, Tennessee (hereinafter "the McLaren firm"). ECF No. 40. Petitioner's motion requested total compensation of $33,833.44.  ECF No. 40-2, p. 19.  This includes charges for 115.10 hours of work performed by various attorneys, paralegals and law clerks at the McLaren firm, resulting in $31,654.50 in fees for services rendered, as well as $2,178.94 in advances and expenses. *Id*. In accordance with General Order #9, petitioner filed a signed statement confirming that petitioner incurred no expenses pursuing this claim. ECF No. 40-3.

Citing *McCulloch v. HHS*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), petitioner's counsel requests forum rates comparable to those paid in *McCulloch* to the firm of Conway Homer & Chin-Caplan, arguing that "petitioner's counsel is highly qualified, has significant experience handling vaccine cases, and has a strong reputation through the program for performing quality work." ECF No. 40, p. 5. Specifically, counsel's billing records reflect the following hourly rates:

- For 2014:

    - Michael G. McLaren ("MGM"): $395
    - Christopher J. Webb ("CJW"): $285
    - Paralegals/Law Clerks ("SAB," "CMG," "LLH," "VAC"): $130

- For 2015:

    - MGM: $410
    - William E. Cochran ("WEC"): $345
    - CJW: $295
    - Paralegals/Law Clerks ("CMG," "SRW"): $145
    - Paralegals/Law Clerks ("VAC"): $135

- For 2016:

    - MGM: $425
    - WEC: $355
    - CJW: $305
    - Paralegals/Law Clerks ("SRW," "CMG"): $150

ECF No. 40-2.

Petitioner notes that Mr. McLaren has been a practicing attorney since 1976 (40 years), has practiced vaccine law for 33 years, and has been involved with the Vaccine Program since its inception. ECF No. 40, p. 5.  Mr. Cochran has been practicing law since 2001 and has represented vaccine petitioners since 2003. *Id*., p. 6.  Mr. Cochran's full time law practice is devoted mostly to vaccine cases. *Id*.  Mr. Webb graduated from law school in 2007 and has been involved in vaccine litigation since joining the McLaren firm in 2008. *Id*., pp. 7-8.

By way of further argument in support of the requested rates, petitioner also attached to the application for attorneys' fees and costs a brief filed by the McLaren firm in another case before Special Master Hamilton-Fieldman. ECF No. 40-4.  That brief, originally filed in *Hoehner v. HHS*, No. 14-637V, addresses the question of whether petitioner's counsel should be awarded fees at a local or forum rate.[3] *Id*.

On July 18, 2016, respondent filed a response to petitioner's motion. ECF No. 41.  Respondent disputes that petitioner's counsel is entitled to forum rates, but declined to further address the specifics of petitioner's request, instead deferring to the special master's discretion with regard to the reasonableness of the requested hours and expenses. ECF No. 41, p. 12.   Nonetheless, respondent asserted that a reasonable amount for fees and costs in the present case would fall between $15,000.00 and $17,000.00. ECF No. 40, pp. 12-13.  Respondent provided only minimal explanation of how she determined this range.  *Id*.

In a reply filed on July 25, 2016, petitioner contended that respondent's proposed range is arbitrary and should be considered to "carry no persuasive value." ECF No. 42, p. 4.  Petitioner further contended that respondent's response was limited to disputing the application of a forum rate and urged that respondent be deemed to have waived any arguments regarding the specific forum rate at issue or the hours or expenses billed. *Id*., p. 1, fn. 1, p. 5.

## II.    Background Information About Attorneys' Fees and Costs Litigation

Prior to 2016, respondent routinely resolved attorneys' fees and costs informally by stipulation.  Many of these stipulations were based, in part, on ongoing agreements between respondent and the petitioner's counsel of record.  *See, e.g., Dorego v. HHS*, No. 14-337V, 2016 WL 1635826 (Fed. Cl. Spec. Mstr. April 4, 2016) (describing respondent's prior agreement with the Homer firm spanning from 2006 until 2015).  The breakdown of respondent's agreement with the Homer firm led to Special Master Gowen's below-discussed decision *McCulloch v. HHS*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), regarding appropriate forum rates for the Vaccine Program, the reasoning and hourly rates from which have since been widely followed. Respondent did not seek review of the *McCulloch* decision, but instead contended in subsequent cases that while respondent "stands by the arguments and evidence she put forth in *McCulloch* . . . in light of the decision in *McCulloch* . . . respondent has determined that her resources are not wisely used by continuing to litigate the issues addressed in that decision." *Dorego*, 2016 WL 1635826, at *3 (quoting respondent's response to petitioner's motion for attorneys' fees and costs).

Subsequently, beginning in early 2016, respondent began routinely asserting in many cases that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." *DiPietro v. HHS*, No. 15-742V (Fed. Cl. Spec. Mstr. Oct. 6, 2016), p. 3 (quoting respondent's brief).  Respondent has further declined to continue entering into stipulations regarding attorneys' fees and costs, stating that "[r]espondent no longer has

---

[3] Special Master Hamilton-Fieldman initially filed a decision in the *Hoehner* case awarding fees at a local rate, but subsequently withdrew the decision to entertain a motion for reconsideration.  That motion remains pending.

sufficient resources to provide detailed objections to requests for attorneys' fees and costs, which it previously provided as a courtesy to the Court. In addition, in respondent's experience, providing detailed objections leads to a 'second major litigation' over fees, as cautioned against by the Supreme Court in *Fox*, as well as supplemental fee requests that are routinely granted by the Court (i.e., 'fees for fees'), which negated any purpose of the objections asserted by respondent." *Id*.

### III.   The Special Master's Authority to Determine the Amount of Fees and Costs

Since the petition for compensation was successful, the undersigned will award *reasonable* attorneys' fees and costs to petitioner. *See* § 15(e)(1) (emphasis added). Reasonable attorneys' fees and costs in Vaccine Act cases are determined using the lodestar approach, which begins with an assessment of a reasonable hourly rate multiplied by a reasonable number of hours expended in the case. *Avera v. HHS*, 515 F.3d 1343,1347-48 (Fed. Cir. 2008.)

The determination of the amount of reasonable attorneys' fees is within the special master's discretion. *See, e.g., Saxton v. HHS*, 3 F.3d 1517, 1520 (Fed. Cir. 1993). Special masters have "wide latitude in determining the reasonableness of both attorneys' fees and costs." *Hines v. HHS*, 22 Cl. Ct. 750, 753 (Fed. Cl. 1991). Moreover, special masters are entitled to rely on their own experience and understanding of the issues raised. *Wasson v. HHS*, 24 Cl. Ct. 482, 483 (Fed. Cl. 1991), *aff'd in relevant part,* 988 F.2d 131 (Fed.Cir.1993) (per curiam).

Petitioner "bears the burden of establishing the hours expended" and the reasonableness of the requested fee award. *Wasson,* 24 Cl. Ct. at 484. Notwithstanding respondent's failure to raise any specific objections to petitioner's fee application, "the Special Master . . . [is] not limited to endorsing or rejecting respondent's critique." *Duncan v. HHS*, No. 99-455V, 2008 WL 4743493 (Fed. Cir. 2008). Furthermore, "the Special Master [has] no additional obligation to warn petitioners that [she] might go beyond the particularized list of respondent's challenges." *Id*.

### IV.   Guidance and Background Regarding Local Versus Forum Rates In the Vaccine Program

The appropriate hourly rate for counsel in Vaccine Act litigation is the forum rate, unless the "*Davis* exception" applies. *Avera,* 515 F.3d at 1349 (citing *Davis County Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. EPA,* 169 F.3d 755 (D.C.Cir.1999)); *see also Rodriguez v. HHS,* 632 F.3d 1381, 1384 (Fed. Cir. 2011) (affirming a determination of the forum rate in Vaccine Act cases). The *Davis* exception applies when the bulk of the work in a case is performed outside the forum (Washington, DC, in Vaccine Act cases), and there is a very significant difference between local and forum rates. *Avera,* 515 F.3d at 1349. There is no bright-line rule for what constitutes a difference significant enough to trigger the *Davis* exception; such a determination is within the special master's discretion. *Hall v. HHS,* 640 F.3d 1351, 1356 (Fed.Cir.2011). In addition to the evidence in the record, a special master may use

her experience in the Vaccine Program to determine an hourly rate. *Id.* at 1357; *Saxton,* 3 F.3d at 1521.

Several Federal Circuit precedents have addressed the application of the *Davis* exception to vaccine cases.  Each has dealt with a difference between local and forum rates in excess of 50%. *Avera,* 515 F.3d at 1350 (noting forum rates to be "nearly three times" the local rate); *Masias v. HHS,* 634 F.3d 1283, 1288 (Fed. Cir. 2011) (noting the special master's finding of a 59% difference between forum and local rates); *Hall,* 640 F.3d at 1357 (noting a 59% difference between forum and local rates). The *Davis County* case itself involved a 70% difference between rates.  *Davis County,* 169 F.3d at 757 (noting the D.C. rates at issue to be "approximately 70% higher" than the local rate).  In *Hall,* the Federal Circuit noted that the special master had based his opinion on cases with fee differentials ranging from 46% to 60%, but only determined the 59% difference in the case at hand to be very significantly different while also explicitly refusing to create a bright-line rule, calling such a rule "stifling and impractical." 640 F.3d at 1357.

More recently, the *McCulloch* decision exhaustively examined the question of appropriate hourly rates in the Vaccine Program and established tiered ranges of reasonable attorney forum rates based on years of legal experience.[4] *McCulloch,* 2015 WL 5634323.  Using those rates, Special Master Gowen set rates for several attorneys practicing with a Boston, Massachusetts, firm.[5]  In reaching his conclusion, Special

---

[4] After discussing the potential approaches to setting a forum rate and reviewing cases and material from both within and without the Vaccine Program, Special Master Gowen concluded that the following factors should be considered: (1) the prevailing rate for comparable legal work in Washington, DC; (2) the prevailing rate for cases in the Vaccine Program; (3) the experience of the attorney(s) in question within the Vaccine Program; (4) the overall legal experience of the attorney(s); (5) the quality of work performed by the attorney(s) in vaccine cases; and (6) the reputation of the attorney(s) in the legal community and community at large. *McCulloch,* 2015 WL 5634323, at *17.  Applying those factors, Special Master Gowen found that a reasonable forum rate for Vaccine Program cases is: $350-425 per hour for attorneys with 20 or more years of experience, $300-375 an hour for attorneys with 11 to 19 years of experience, $275 to $350 an hour for attorneys with eight to ten years of experience, and $225 to $300 per hour for attorneys with four to seven years of experience. *McCulloch,* 2015 WL 5634323, at *19. Special Master Gowen further noted that "[t]he higher end of the range should be awarded to those with significant Vaccine Program experience who perform high quality legal work in vaccine cases." *Id.*

[5] Specifically, the following rates were awarded in the *McCulloch* decision:

| | |
|---|---|
| Kevin Conway (45 years legal experience, 26 years vaccine experience) | $415 |
| Ronald Homer (24 years legal experience, 22 years vaccine experience) | $400 |
| Sylvia Chin-Caplan (30 years legal experience, 22 years vaccine experience) | $400 |
| Christine Ciampolillo (6 years vaccine experience) | $300 |
| Amy Schwader (7 years vaccine experience) | $285 |
| Joseph Pepper (6 years legal experience, 5 years vaccine experience) | $290 |
| Meredith Daniels (5 years vaccine experience) | $280 |
| Law Clerks | $145 |
| Paralegals | $135 |

*McCulloch,* 2015 WL 5634323, at *19-21.

Master Gowen rejected as "astonishing" respondent's contention that Washington, D.C. forum rates are 52% higher than in Boston. *McCulloch*, 2015 WL 5634323, at \*7-13. He found that "while the prevailing rates in Washington, D.C., appear to be somewhat higher than Boston rates, they are not significantly so." *McCulloch*, 2015 WL 5634323, at \*13. Special Master Gowen also observed that during the course of litigating *McCulloch*, respondent agreed that a 27% difference would not trigger the *Davis* exception.[6] *McCulloch*, 2015 WL 5634323, at \*4.

Although respondent did not seek review in *McCulloch*, much of the reasoning of the *McCulloch* decision was later examined approvingly in *Garrison v. HHS*, No. 14-762V, 2016 WL 4784054, --- Fed. Cl. --- (Fed. Cl. Aug. 17, 2016). In the underlying *Garrison* decision, Special Master Gowen extended his *McCulloch* analysis and concluded that an attorney in Twin Falls, Idaho, was also entitled to forum rates, because the 18.5% difference between that attorney's local and proposed forum rates was not very significantly different under *Avera*. *Garrison v. HHS*, 14-762V, 2016 WL 3022076, at \*7 (Fed. Cl. Spec Mstr. April 29, 2016), *aff'd* 2016 WL 4784054, --- Fed. Cl. --- (Fed. Cl. Aug. 17, 2016). On review, Judge Kaplan concluded that Special Master Gowen had not abused his discretion. Contrasting the facts of *Garrison* with *Avera* and with the *Davis County* case itself, she observed that while the 18.5% difference found in *Garrison* was "not insignificant," it was not unreasonable for the Special Master "to conclude – on balance – that the use of the forum rate would not result in 'vast overcompensation' of counsel."[7] *Garrison*, 2016 WL 4784054, at \*8.

Subsequently, Special Master Corcoran found that attorneys in Sarasota, Florida, are likewise entitled to compensation at forum rates. *Dezern v. HHS*, No. 13-643V, (Fed. Cl. Spec. Mstr. Oct. 14, 2016). Significantly, Special Master Corcoran noted that his finding was a departure from prior decisions that found Sarasota to be subject to the *Davis* exception. *Id.*, p. 8. He explained, however, that circumstances have changed within the last five years and observed that:

> The rates paid to Vaccine Program counsel may well have been held down for the past several years, whether due to slow economic growth generally or informal compensation/rate agreements struck between frequent Program counsel and the Department of Justice that have now been deemed (not surprisingly, by the petitioners' bar) stale. At the same time, *McCulloch* may have lowered the ceiling on what constitutes a forum rate. *McCulloch* itself accepts the premise that Program attorneys do not receive the same hourly rate that they would from more complex litigation, and attempted to set a reasonable forum rate in light of such constraints, even though it would be a lower rate.

*Id.*, pp. 8-9 (internal citations omitted).

---

[6] Of course respondent is not bound by her arguments in *McCulloch*.

[7] It is also worth noting that Judge Kaplan was not persuaded by respondent's argument in *Garrison* that failure to apply the *Davis County* exception in that case would have essentially eliminated the exception entirely. *Garrison*, 2016 WL 4784054, at \*8-9.

## V.    Setting Counsel's Hourly Rate in This Case

### A.  Examining the Appropriate Local Rate

Under the lodestar approach, whether looking at the local or forum rate, the undersigned must award "rates that are compatible with the prevailing market rate." *Rupert v. HHS*, 52 Fed. Cl. 684, 688 (2002); *Avera*, 515 F.3d at 1349.  The prevailing rate is the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum v. Stenson*, 465 U.S. 886, 896, fn. 11 (1984).) Prior Vaccine Act cases have noted that petitioners may demonstrate a prevailing market rate in a number of ways, including:

> (1) affidavits of other attorneys or experts; (2) citations to prior precedents showing reasonable rate adjudications for the fee application, for comparable attorneys, or for comparable cases; (3) references to fee award studies showing reasonable rates charged or awarded in the relevant community; (4) testimony of experts or of other attorneys in the relevant community; (5) discovery of rates charged by the opposing party; (6) reliance on [the] court's own expertise to recognize applicable prevailing rates.

*Morris v. HHS*, 20 Cl. Ct. 14, 28-29 (1990).  Special Masters have in several recent cases relied, at least in part, on local federal district court cases involving fee shifting statutes in order to determine the applicable local rate.  *See, e.g., J.B.,* No. 15-67V, 2016 WL 4046871 (Fed. Cl. Spec. Mstr. July 8, 2016)(assessing local rates for Hershey, Pennsylvania based in part on decisions reported by the U.S. District Court for the Middle District of Pennsylvania); *Garrison,* 2016 WL 3022076 (referencing decisions reported by the U.S. District Court for the District of Idaho); *Dezern*, No. 13-643V (assessing local rates for Sarasota, Florida, in light of decisions reported by the Middle District of Florida).  Moreover, this approach has recently been affirmed on review at the Court of Federal Claims. *Garrison*, 2016 WL 4784054, at *6-7.

### i.  Petitioner's Contentions

In this case, petitioner presents three approaches for examining the McLaren firm's local rates.  First, petitioner's counsel cites the firm's current local hourly rates for non-complex general litigation matters.[8]  ECF No. 40-4, p. 5. Second, petitioner's counsel cites former Chief Special Master Vowell's 2011 *Heath* decision, which addressed the McLaren firm's rates at that time, and extrapolates the rates from that decision to a current value[9] based on the 3.7% rate of growth for attorneys' fees

---

[8] These rates are:  MGM: $405; WEC: $300; CJW: $250; Paralegals/Law Clerks: $130. ECF No. 40-4, p 5.

[9] Because the *Heath* case involved work performed from 2007 to 2011, counsel extrapolated rates both from 2007 and 2011.  Applying a 3.7% rate of growth from 2011, petitioner's counsel cites the following 2016 rates: MGM: $336; WEC: $298; Paralegals:  $102. Applying the same rate of growth beginning in 2007, petitioner's counsel cites the following 2016 rates: MGM: $388; WEC: $332; Paralegals: $118. ECF

identified in the above-discussed *McCulloch* decision.[10] ECF No. 40-4, pp. 5-6 (citing *Heath v. HHS*, No. 08-86V, 2011 WL 433646 (Fed. Cl. Spec. Mstr. Aug. 25, 2011)); *see also McCulloch*, 2015 WL 5634323, at *16. And finally, counsel additionally cites a number of decisions from the Western District of Tennessee. ECF No. 40-4, pp. 6-7. Looking at these three metrics, petitioner's counsel suggests that the McLaren firm's local rates fall within the following ranges:

MGM: $336 - $407
WEC: $294 - $332
CJW: $250 - $270
Paralegals/Law Clerks: $102 - $130

ECF No. 40-4, pp. 4-5.[11]

With regard to the district court cases supporting Mr. McLaren's rates, petitioner cites *Cole v. City of Memphis*, No. 2:13-cv-02117-JPM-dkv, 2015 U.S. Dist. LEXIS 113742 (W.D. Tenn., Aug. 27, 2015)(awarding a rate of $350 per hour in 2015 to an attorney with 29 years of experience for work performed from 2013 to 2015) and *Doe v. Bd. of Educ. of Memphis City Sch.*, No. 05-2411 D/P, 2007 U.S. Dist. LEXIS 103207 (W.D. Tenn., Jan. 9, 2007)(awarding a rate of $425 per hour in 2007 to an attorney with over 40 years of experience for work performed between 2005 to 2007). ECF No. 40-4, p. 8. Adjusting these rates first for the 3.7% rate of growth identified in *McCulloch*, and then for an 18.3% risk premium,[12] petitioner suggests the rates in these decisions are equivalent to 2016 hourly rates of $319 and $517 respectively. ECF No. 40-4, p. 9.

---

No. 40-4, p. 6. Petitioner's counsel did not calculate a 2016 rate based on the $195 local rate identified for Mr. Webb within the *Heath* decision. *See Heath*, 2016 WL 4433646 at *14. The undersigned confirmed that the rates cited in petitioner's brief (ECF No. 40-4, p. 5) accurately reflect the rates billed in the prior *Heath* case. Averaging out the two approaches above results in rates as follows: MGM: $362; WEC: $315; Paralegals: $110.

[10] Special Masters may use the consumer price index ("CPI") for purposes of adjusting hourly rates for inflation. *See, e.g., Hocraffer v. HHS*, No. 99-533V, 2011 WL 3705153, at *17-19 (Fed. Cl. Spec. Mstr. July 25, 2011), *mot. for review den'd*, 2011 WL 6292218 (Fed. Cl. Nov. 22, 2011) (applying CPI calculator in adjusting hourly rate to account for inflation). The undersigned has also used the CPI in the past. *See, e.g. J.B.,* 2016 WL 4046871, *4. In this case, however, the undersigned accepts petitioner's use of the 3.7% figure cited in the *McCulloch* decision. Since petitioners are specifically seeking application of the *McCulloch* rates, utilizing the growth rate identified in *McCulloch* should result in greater consistency when comparing rates across different cases.

[11] Although petitioner does not specifically indicate so, it appears based on the various figures and calculations included in petitioner's brief that petitioner is referring to ranges of hourly rates for the year 2016.

[12] A difficulty that arises in comparing Vaccine Act cases to other fee-shifting schemes is that petitioners in this Program are entitled to reasonable attorneys' fees and costs – win or lose – provided that the claim is brought in good faith and there is a reasonable basis for the claim. *See* § 15(e)(1). In fact, this is a point raised in respondent's brief on this motion. ECF No. 41, pp. 3-4. For this reason, rates outside of the Vaccine Program – such as those in the *Laffey* Matrix – must be adjusted before they can be directly compared. *See, e.g., McCulloch*, 2015 WL 5634323, at *19. In *Garrison,* Special Master Gowen suggested that 18.3 % is an appropriate discount rate. *Garrison*, 2016 WL 3022076, at *4.

In support of Mr. Cochran's suggested local rate, petitioner cites: *Macklin v. Delta Metals Company, Inc.*, No. 2:08-cv-02677, 2011 U.S. Dist. LEXIS 159025 (W.D. Tenn., July 6, 2011)(awarding a rate of $300 per hour in 2011 to an attorney with 9 years of experience for work performed from 2008 to 2011); *Jeffrey Jacobs v. Memphis Convention and Visitors Bureau*, No. 2:09-cv-025999, 2012 U.S. Dist. LEXIS 137344 (W.D. Tenn., Sep. 7, 2012)(awarding $300 per hour in 2012 for an attorney with 12 years of experience for work performed from 2009 to 2011).  Applying the same adjustments as above for rate of growth (3.7%) and risk premium (18.3%), petitioner contends that these cases support 2016 hourly rates of $328 and $294 respectively. ECF No. 40-4, p. 11.

In support of Mr. Webb's rates, petitioner notes that *Cole, supra*, also addressed the reasonable rate for an attorney with about seven years of experience. ECF No. 40-4, p. 12 (citing *Cole*, 2015 U.S. Dist. LEXIS 113742, at *17-20). In that instance, the attorney was awarded a rate of $270 per hour in 2015 for work performed from 2013 to 2015. *Id*.  Additionally, petitioner also cited *Monroe v. FTS USA, LLC*, No. 2:08-cv-02100-JTF-cgc, 2014 U.S. Dist. LEXIS 128451 (W.D. Tenn., July 28, 2014) (awarding $300 per hour in 2014 to an attorney with eight years of experience for work performed from 2008 to 2012).  Petitioner argues that these rates can be adjusted for rate growth and risk premium to anywhere from $212 to $328 per hour. ECF No. 40-4, p. 13.

## ii.    Respondent's Contentions

In her response, respondent cites several prior vaccine cases in which petitioner's counsel billed the following hourly rates as late as August 2015[13]:

MGM: $300
WEC: $275
CJW: $240
Paralegals/Law Clerks: $100

ECF No. 41, pp. 3-4.

Moreover, respondent contends that even these rates may be too high compared to local rates for Memphis, Tennessee. ECF No. 41, p. 4.   In particular, respondent stresses that local federal cases are often more complex than Vaccine Act cases and that other fee-shifting regimes usually include a prevailing party requirement. *Id*.

Like petitioner, respondent cites a number of cases from local federal courts. Specifically, respondent cites *Oakley v. City of Memphis*, 566 Fed. Appx. 425 (6th Cir. 2014)(citing a reasonable range of $200 to $275 and reducing counsel and co-counsel's

---

[13] In reply, petitioner stresses that the rates cited by respondent were negotiated rates, not reflective of what petitioner's counsel believes local Memphis rates to be, and were understood by the parties not to be a concession of what an actual reasonable rate would be. ECF No. 42, p. 2.

rates from $375 to $275 and $225 to $180 respectively)[14]; *All Secure & Patrol Services, Inc. v. Federal Home Loan Mortgage Corp.*, No. 14-2575, 2015 WL 7302789 (W.D. Tenn. Nov. 18, 2015)(awarding rates as requested where attorney averred that $300 to $335 were prevailing market rates); and *Taylor v. Brennan*, No. 13-2216, 2015 WL 4658898 (W.D. Tenn. Aug. 5, 2015)(finding a rate of $250 per hour to be reasonable).[15] ECF No. 41, pp. 4-5.

Additionally, respondent points out that in *Cole v. City of Memphis, Tenn.*, cited by petitioner, an additional attorney was awarded only $170 per hour and the defense submitted an affidavit indicating that local partner rates are between $230 and $275. ECF No. 41, p. 5.  Respondent contends that the rates awarded in *Cole* over defendant's objections were due to special circumstances of the case, including the level of complexity and counsel's specialized experience. *Id*.

Finally, respondent attached to her response excerpts from the 2014 Real Rate Report.  ECF No. 41-1.  Respondent contends that the median rates for Memphis, Tennessee, at best support the argument that Mr. McLaren should receive $300 per hour for 2015.[16] ECF No. 40, p. 6.  Respondent does not specifically address either Mr. Cochran's or Mr. Webb's rates.

### iii.    Identifying the Applicable Local Rate:

Based on all of the above as well as the undersigned's experience assessing prior fee applications under the Vaccine Act, the undersigned finds that reasonable local rates for 2016 for the McLaren firm attorneys and paralegals are as follows:  $350 per hour for Mr. McLaren, $300 per hour for Mr. Cochran, $260 per hour for Mr. Webb, and $120 per hour for paralegals.[17]  Notably, these rates are within the ranges proposed by petitioner, but closer to the bottom of those ranges.  Although none of the above-discussed data points is perfect, the undersigned finds on the whole that petitioner has adequately substantiated her contentions regarding the appropriate local rates and that respondent's arguments are largely unpersuasive when considered in light of these lower rates. In particular, the undersigned finds it significant that, in addition to being consistent with the federal district court case law cited by the parties, these amounts are also largely consistent on an adjusted basis with the rates awarded by Special Master Vowell's 2011 *Heath* decision (*see* fn. 9, *supra*), which is the last time that the McLaren

---

[14] Significantly neither the 6th Circuit's decision nor the decision below indicates the level of experience for the two attorneys whose rates were set. *Oakley*, 566 Fed. Appx. at 432; *Oakley*, No. 06-2276, 2010 U.S. Dist. LEXIS 143303 (W.D. Tenn. Nov. 22, 2010).

[15] Like *Oakley, supra*, this decision does not address the years of experience held by the attorney in question.

[16] In reply, petitioner takes issue with respondent's comparison to small, general liability firms, as well as respondent's failure to adjust the 2013 and 2014 rates to more contemporaneous figures. ECF No. 41, p. 3.

[17] Of note, the McLaren firm's current paralegal, Ms. Ward ("SRW") holds a J.D. from the University of Memphis Law School. ECF No. 40, p. 9.

firm litigated fee rates in this Program. The undersigned further notes that the McLaren firm has an excellent reputation for high quality work within the Vaccine Program.

Petitioner's citation to *Doe v. Board of Education of Memphis City Schools* is not persuasive.  That case has been rejected as representative of local rates due to an upward adjustment related to the undesirability of the subject matter of the case. *Oakley*, 566 Fed. Appx. At 432.  However, even removing that outlier, the undersigned is satisfied that petitioner's reading of the local federal cases cited by the parties better reflects the prevailing local market overall than does respondent's.[18]  Notably, respondent's concern regarding the fact that fee shifting provisions are usually limited to prevailing parties is mooted by the fact that petitioner adjusted the resulting fee rates to reflect the risk premium identified in *Garrison.*

Respondent cites to the defense affidavit submitted in the *Cole* case for the proposition that prevailing market rates evidenced by that case are lower than petitioner contends, but that affidavit was effectively rejected by the court's analysis of the prevailing market rate.  Although, as respondent suggests, there were factors considered in that case that are inapplicable here, the court also addressed prevailing rates based in significant part on the attorneys' years of experience and on local billing practices generally. *See Cole*, 2015 U.S. Dist. LEXIS 113742, at *17-20.  Other cases cited by respondent offered minimal analysis of the local rates. *See, e.g., Taylor*, 2015 WL 4658898, at *1-2 (awarding $250 per hour without identifying years of experience or citing to any prior cases or evidence regarding prevailing rates).  In *All Secure & Patrol Services, Inc. v. Federal Home Loan Mortgage Corp.*, the attorney in the case represented that the requested rate of $335, which was accepted, was actually *reduced* from his normal rates.  2015 WL 7302789, at *5.

Finally, although the Real Rate Report submitted by respondent does provide some evidence of the prevailing local rates for Memphis, without more it is not persuasive in this case. As petitioner noted, the Real Rate Report is not a perfect "apples to apples" comparison for vaccine practitioners. *See, e.g., McCulloch*, 2015 WL 5634323, at *9 (accepting as a "point well taken" petitioner's criticism of the RRR and noting that the experience and billing models of Vaccine and other personal injury practices are not necessarily comparable to the small general liability firms studied in the RRR).  Moreover, respondent has provided an outdated edition of the report.

## B.  Examining the Appropriate Forum Rate

As noted above, in *McCulloch*, Special Master Gowen found that a reasonable forum rate for Vaccine Program cases is: $350-425 per hour for attorneys with 20 or more years of experience, $300-375 an hour for attorneys with 11 to 19 years of

---

[18] The persuasive value of any individual case depends in significant part on the extent to which it discusses attorney services "similar" to that performed in the Vaccine Program. *Avera*, 515 F.3d at 1348; *Rodriguez*, 632 F.3d at 1384-86 (distinguishing streamlined Vaccine Act cases from the complex federal litigation for which the *Laffey* Matrix is used).  The district court cases cited by the parties address attorney rates in a number of different contexts, including civil rights cases under U.S. Code Sections 1981 and 1983 (*Doe, Cole, Oakley, Taylor*) as well as under the Fair Labor Standards Act (*Macklin, Monroe*), and copyright infringement (*Jacobs*).

experience, $275 to $350 an hour for attorneys with eight to ten years of experience, and $225 to $300 per hour for attorneys with four to seven years of experience. *McCulloch,* 2015 WL 5634323, at *19. Special Master Gowen further noted that "[t]he higher end of the range should be awarded to those with significant Vaccine Program experience who perform high quality legal work in vaccine cases." *Id.* The undersigned finds *McCulloch,* which is extensively reasoned, to be persuasive, and adopts Special Master Gowen's tiered framework for the instant analysis.  Moreover, the undersigned finds that the attorney rates requested by the McLaren firm, as reflected within the submitted billing records, are appropriate rates under this *McCulloch* framework.[19]

The rates requested by the McLaren firm are consistent with prior cases in which this framework has been used to determine forum rates for other experienced Vaccine Program counsel. *See, e.g., Boylston v. HHS,* No. 11-117V, 2016 WL 3080574 (Fed. Cl. Spec. Mstr. May 10, 2016)(awarding rates of between $400-$430 per hour for work performed in 2015 and 2016 to attorneys Clifford Shoemaker and Renee Gentry, both of whom have over 20 years of legal experience and extensive vaccine litigation experience); *Rodd v. HHS,* No. 13-122V, 2016 WL 2727147 (Fed. Cl. Spec. Mstr. April 13, 2016)(finding reasonable rates of $400 per hour for Lawrence Cohan, an attorney with 36 years of legal experience and 25 years of vaccine experience, but $275 per hour for David Carney, an attorney with 5.5 years of vaccine experience); *L.A. v. HHS*, No. 12-629V, 2016 WL 1104860 (Fed. Cl. Spec. Mstr. Feb. 29, 2016)(following *McCulloch* and awarding Sabrina Knickelbein $350 for work performed in 2015); *Harborth v. HHS,* No. 08-777V, 2016 WL 3176545 (Fed. Cl. Spec. Mstr. May 18, 2016)(finding reasonable rates for attorney Scott Doody, with legal experience of between 6-11 years of experience, ranging from $225 per hour for work performed in 2008 to $300 per hour for work performed from 2013 to the present); and *Dineen v. HHS*, No. 15-700V, 2016 WL 1627199 (Fed. Cl. Spec. Mstr. April 4, 2016)(ratifying as reasonable a requested rate of $350 per hour for Martin Martinez, an attorney with 35 years of legal experience, but significantly less vaccine experience).

Although respondent challenges petitioner's counsel's entitlement to forum rates, she does not specifically address whether the requested rates would constitute a reasonable forum rate if forum rates did apply. Instead, for purposes of addressing the *Davis* exception, respondent contrasts the requested rates to those local rates that she deems appropriate. ECF No. 41, p. 9.

## C. Setting Counsel's Rates

In light of all of the above, the undersigned finds that the McLaren firm should receive attorneys' fees at the above-described forum rates.  For 2016, those rates are as follows:  MGM: $425; WEC: $355; CJW: $305; Paralegals: $145.  The applicable 2016 local attorney rates identified within this decision ($350, $300, $260) range from about 17-21% lower than the requested forum rates for the same attorney.[20] This

---

[19] However, paralegal and law clerk hourly rates for 2016 are more appropriately set at a rate of $145 as compared to the $150 reflected in the billing records.

[20] Specifically, the difference between Mr. McLaren's forum and local rates is 21.43%. The differences for Mr. Cochran and Mr. Webb are 18.33% and 17.31% respectively.

difference is much closer to the 18.5% differential identified in *Garrison* than it is to any of the fee differentials discussed in the applicable circuit precedents, which considered differentials of 59% and upward.[21]   Indeed, as noted above, respondent herself contended in the *McCulloch* case that a 27% differential would not trigger the *Davis* exception.[22]   *McCulloch*, 2015 WL 5634323, at *4.   In that regard, the undersigned finds significant Judge Kaplan's conclusion that an 18.5% differential, though potentially significant, does not necessarily rise to the level of vast overcompensation that *Davis County* and *Avera* were intended to prevent.   *Garrison*, 2016 WL 4784054, at *8.

Although the requested rates represent a large increase from rates that the McLaren firm has previously accepted, the undersigned is satisfied that the firm will not see a windfall since the evidence herein suggests that the McLaren firm's rates have been long stagnant.   For example, as respondent has suggested, it appears that Mr. McLaren has accepted a rate of $300 per hour on a stipulated basis as late as August of 2015 despite the fact that he was awarded a rate of $280 by former Chief Special Master Vowell for work performed in 2007.[23]   A $20 increase in hourly rates over the course of nearly a decade falls well short of basic inflation,[24] let alone accounting for additional accumulated experience and reputation growth.   Finally, the undersigned further notes that consistency favors the application of forum rates in that the *Heath* decision previously awarded the McLaren firm fees at a forum rate.   *Heath*, 2011WL 4433646, at *13-14.

## VI.    Reasonable Number of Hours and Requested Costs

Upon review of the billing records filed in this case, the undersigned finds no cause to reduce either the costs or number of hours billed.   The undersigned notes, however, that Mr. Webb billed 7 hours for travel time on June 4, 2015, and a further 8 hours on June 5, 2015, amounting to billing of $4,425.00. ECF No. 30-2, p. 7. Notwithstanding the fact that Mr. Webb was noted to be working on case review en route, the undersigned reduces these hours by 50%.   *See, e.g., Hocraffer v. HHS,* No. 99-533V, 2011 WL 3705153, at *24 (noting that "Special masters consistently award compensation for travel time at 50% of the billing rate in the Vaccine Program.").   This results in a reduction of $2,212.50.   Additionally, as noted above, the undersigned concludes that the hourly rate for paralegals and law clerks in 2016 should be reduced

---

[21] G*arrison* is particularly valuable for comparison, because both *Garrison* and the instant analysis utilize the same *McCulloch* framework when setting forum rates.

[22] Of course, as noted above, respondent is not bound by her arguments in *McCulloch*; however, particularly in light of her long history of resolving fee applications informally (*see* Section II, above) her prior arguments are illuminating with regard to the historical understanding and treatment of hourly rates within the Vaccine Program.

[23] Although the *Heath* decision addressed work performed as late as 2011, former Chief Special Master Vowell simply determined the requested rates for Mr. McLaren to be reasonable.  *See Heath*, 2016 WL 4433646 at *14.   Nothing in the *Heath* decision necessarily suggests that Mr. McLaren could not have successfully litigated a higher rate for those later years.

[24] *See* http://www.bls.gov/data/inflation_calculator.htm (last accessed on October 25, 2016).

from $150 to $145.  The undersigned tallies 5.3 hours of paralegal and law clerk time in 2016, resulting in a $26.50 reduction from $795.00 to $768.50. ECF No. 40-2, pp. 13-19.

## VII.    Conclusion

Based on all of the above, the undersigned finds that petitioner's counsel is entitled to reasonable attorneys' fees and costs as follows:

| | |
|---|---|
| Requested attorneys' fees (based on 115.10 total hours): | $31,654.50 |
| Less 50% reduction for 16.5 travel hours: | -$2,212.50 |
| Less 2016 paralegal rate reduction: | -$26.50 |
| Adjusted total: | $29,415.50 |
| Costs: | $2,178.94 |
| **Total Attorneys' Fees and Costs Awarded:** | **$31,594.44** |

**Accordingly, the undersigned awards a lump sum of $31,594.44, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel, Black McLaren Jones Ryland & Griffee, P.C.**

The clerk of the court shall enter judgment in accordance herewith.[25]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

[25] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.